UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-099-JBC

KIRK BYINGTON                                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER, JR.                                               RESPONDENT

Kirk Byington, an inmate at FMC-Lexington, Kentucky, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Byington challenges the jurisdiction of the court-martial which convicted and sentenced him.

The petitioner has previously brought these matters before this court. *See Byington v. FLNU, Warden*, Lexington Civil Action No. 03-CV-249-JBC. In that action, the district court dismissed his action without prejudice pursuant to Fed.R.Civ.P. 8(a)(2) and 8(e)(1), because Byington had not sufficiently pled or provided information regarding whether his claims had previously been exhausted within the military courts. Generally, federal courts do not entertain habeas corpus petitions by military prisoners unless all available military remedies have been exhausted. *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975).

Byington filed a notice of appeal. His claims were deemed not subject to appellate review until he established that his military remedies had been exhausted as

to his overall claim that the military court was without jurisdiction. *Byington v. Warden, FMC*, No: 03-6263 (6th Cir., Sept. 23, 2004) (mandate issued December 21, 2004). It was determined that Byington ". . . simply had not provided enough information about his appeals within the military courts to determine whether his claims have been exhausted." *Id.* at p. 3 (citing *Schlesinger*, 420 U.S. at 754). Byington's arguments on appeal were deemed ". . . not subject to review . . . until he shows that his military remedies as to those claims have been exhausted."

Byington concedes that the jurisdictional challenges raised in these pleadings were never raised, argued, or considered by any party or by the military courts at any time. However, now he asserts that exhaustion of military remedies is futile as no military remedies are presently available. The petitioner protests that because the military court system has terminated its jurisdiction over his case, he is without recourse to bring the instant claims before that military court. Thus, he alleges that he is now entitled to bring the jurisdiction issue before this court via 28 U.S.C. §2241 without having previously exhausted his no-longer-available military court remedies. Specifically, the petitioner asserts the military court-martial was without jurisdiction because: (1) he was tried and convicted pursuant to the wrong General Court Martial Convening Order [hereinafter CMCO]; (2) the trial judge was not properly detailed; (3) his speedy trial rights were violated; and (4) the trial record is incomplete.

## CMCO

Multiple charges were brought against the petitioner pursuant to CMCO #59.

A motion to sever was granted, and some of the charges originally brought under CMCO #59 were then brought under CMCO # 3 or CMCO #6.  When the petitioner was tried, the court was convened only pursuant to CMCO #59 and no reference was made to the fact that some charges had been re-referred pursuant to CMCO #3 and/or CMCO #6.  Thus, the petitioner, in essence, claims that he was tried and convicted on the right charges but under the wrong CMCO number and that, therefore, the trial court was without jurisdiction to try him.

When a charge sheet and convening order have not been entered into a record properly, such does not establish that a court-martial was not convened by competent authority or that it was not properly jurisdictionally constituted.  The petitioner does not dispute that he was subject to the Uniform Code of Military Justice or that the court-martial was entitled to try him.  Thus, his claim of a technical procedural error essentially regarding transposing numbers hardly negates the court-martial's jurisdiction over his case.

A petitioner may not create  28 U.S.C. § 2241 jurisdiction by mischaracterizing a claim as being jurisdictional when the error is merely procedural and non-prejudicial. *Klein v. Warden, Federal Correctional Institution at Oxford, Wisconsin*, 2000 WL 34237521 (W.D. Wis.) (not reported in F.Supp.2d).  Military court adjudications are subject to federal courts' habeas review only when their actions are void due to an absolute absence of power, and not when there has been a defective exercise of power possessed.  *LeBallister v. Warden, U.S. Disciplinary Barracks, Leavenworth,*

*Kan.*, 247 F.Supp. 349 (D. Kan. 1965).

### JUDGE DETAILED

The petitioner alleges the court-martial was without jurisdiction because the trial judge allegedly was not properly detailed to his particular court-martial.  However, such a claim is not a jurisdictional issue and, thus, it is not subject to review via 28 U.S.C. § 2241.  *Sherrill v. Commandant, USDB*, 118 Fed.Appx. 384, 2004 WL 2757943 (10th Cir. (Kan.)).

### SPEEDY TRIAL

The petitioner contends that his speedy trial rights were violated and, therefore, the trial court for the court-martial was without jurisdiction to adjudicate his criminal charges.  Whether the proceeding violated the petitioner's speedy trial rights is not a jurisdictional issue and, thus, cannot be reviewed via 28 U.S.C. § 2241 in this court. *Id.*

### TRIAL RECORD

The petitioner complains that the results of CMCO #59 proceedings were not properly incorporated into the record of the subsequently issued CMCO #3. Apparently the members of the court-martial were sworn within the CMCO #59 record and the CMCO #59 record evidently was not incorporated into the record of CMCO #3 after the CMCO #3 was created at the time when some charges were severed from the CMCO #59 record.  Apparently the CMCO #59 record was not incorporated into the record of CMCO#3 by the time of the petitioner's trial.  Thus, the petitioner alleges

the trial court was without jurisdiction because, he urges, since the CMCO #59 record had not been incorporated into the CMCO #3 record by the time of the trial, then the members of the court-martial were never sworn on the CMCO #3 record. This, the petitioner asserts, divested the court-martial of jurisdiction.

Federal civil courts do not consider procedural errors of courts-martial. *Burns v. Harris,* 340 F.2d 383 (8th Cir. 1965). Allegations that a charges sheet and convening order were not entered into the trial record properly, and that the charges were not properly forwarded into the record of a case, do not divest a court-martial of jurisdiction and are without merit in a 28 U.S.C. § 2241 jurisdictional challenge to the court-martial. *Klein v. Warden, Federal Correctional Institution at Oxford, Wisconsin*, 2000 WL 34237521 (W.D. Wis.).

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

(2) The petitioner's Motion to Clarify [Record No. 3] is **DENIED** as being moot.

(3) The petitioner's Motion for Judgment as a Matter of Law [Record No. 6] is **DENIED**.

Signed on April 27, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY